IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES WALTON WRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:99-0997 |
| RICKY BELL, Warden, Riverbend ) | Chief Judge Haynes |
| Maximum Security Institution ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is the Petitioner's renewed motion to reopen this action under Fed. R. Civ. P. 60 motion and to order evidentiary hearing (Docket Entry No. 191). In earlier proceedings, this Court administratively closed this action pending a decision in Trevino v. Thaler, 569 U.S. ___, 133 S.Ct. 1911 (2013). After Trevino, Petitioner moved to reopen the action, but this Court denied that motion "without prejudice to renew upon identifying the claims for the requested hearing" upon the reopening of habeas proceedings. (Docket Entry No. 190).

As the Court requested, in his renewed motion for further proceedings, Petitioner identifies the following claims in his amended petition (Docket Entry No. 22) to warrant further proceedings:

> (1) Trial counsel in the guilt-innocence stage failed to present a complete defense to the charges against Wright, including by failing to investigate and present evidence that he was innocent of first degree murder or that there was a reasonable doubt as to his guilt based on his state of mind and forensic evidence (Amended Petition ¶II.A.29.a.);
>
> (2) Trial counsel in the guilt-innocence stage failed to raise constitutional objections to jury instructions (Amended Petition ¶II.A.29.c.);
>
> (3) Trial counsel in the penalty stage failed to present a complete defense in the penalty phase of the trial, including failure to investigate Petitioner's personal and psychiatric history (Amended Petition ¶II.A.30.a.1);

(4) Trial counsel in the penalty stage failed to present a complete defense in the penalty phase of the trial, including failure to obtain a thorough, competent, and independent psychiatric evaluation (Amended Petition ¶II.A.30.a.2);

(5) Trial counsel in the penalty stage failed to present a complete defense in the penalty phase of the trial, including failure to investigate the background of Douglas Alexander (Amended Petition ¶II.A.30.a.3);

(6) Trial counsel in the penalty stage failed to present a complete defense in the penalty phase of the trial, including failure to rebut the single aggravating circumstance, murder during the course of first degree murder, based on the facts of the crime (Amended Petition ¶II.A.30.a.4);

(7) Trial counsel in the penalty stage failed to object to the verdict form which allowed the jury to incorrectly weight the aggravating and mitigating circumstances (Amended Petition ¶II.A.30.c.);

(8) Trial counsel in the penalty stage failed to object to numerous improper arguments that the prosecuting attorney made in closing argument in the penalty phase (Amended Petition ¶II.A.30.a.d).

(Docket Entry No. 191).

Petitioner contends that under Trevino and Martinez v. Ryan, 132 S. Ct. 1309 (2012), the ineffectiveness of his state post conviction counsel would excuse his procedural defaults found in the Court's earlier ruling. In this Court's view, Martinez requires an "extraordinary circumstances" for relief that turns on the facts and circumstances of each action. Fenton v. Colson, No. 3:09-cv-1057, 2013 WL 704317 at **10-12 (M.D. Tenn. Feb. 25, 2013). The facts and circumstances here do not justify such relief.

"Rule 60(b)(6) should apply 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" Olle v. Henry & Wright Corporation, 910 F.2d 357, 365 (6th Cir. 1990). It is invoked only in those "unusual and extreme situations where principles of equity mandate relief." Id. (emphasis in original). Rule 60(b)(6) exists to allow courts

to vacate judgments whenever such action is appropriate to accomplish justice in extraordinary circumstances. Klapprott v. United States, 335 U.S. 601, 614-15 (1949). A change in decisional law is not ordinarily sufficient cause for a Rule 60(b)(6) motion to be granted. Agostini v. Felton, 521 U.S. 203, 239 (1997).

In its prior Order (Docket Entry No. 124), this Court denied the Petitioner's exhausted claims for ineffectiveness of counsel that included Claims 4, 6, and 7 that are listed in Petitioner's Rule 60 motion. Id. at 25-39). These claims in the Rule 60 motion are in effect a successive application that must be presented to the Sixth Circuit under 28 U.S.C. § 2244.

As to Petitioner's claims 2 and 5 in his Rule 60 motion, the Court found that Petitioner's counsel's failure to object to jury instructions and to investigate the background of the Petitioner's murder victim, are defaulted. The Court, however, also stated that for any defaulted claim, the cited ineffectiveness caused at the guilt or appeal phase lacked merit. (Docket Entry Nos. 124 at 45-46, 163-1 at 68). The Court also found that "Petitioner's counsel provided effective assistance at his trial and on his direct appeal." Id. Issues about Douglas Alexander were raised in the Petitioner's post-conviction petition. (Docket Entry No. 163 at 27, 29 30, 37).

As to ineffectiveness of post-conviction counsel constituting cause, the Court stated that Petitioner did not show prejudice for the default. Id. at 73. Assuming Petitioner could establish "cause" under Martinez, Petitioner's new claims would not be grounds for relief as the Court earlier concluded the jury instruction that counsel failed to challenge, was not ineffective or prejudicial. (Docket Entry No. 124 at 45-46). Thus, any ineffectiveness claim concerning Petitioner's post-conviction counsel's failure is not substantial.

For these reasons Petitioner's motion to reopen a Rule 60 motion to order an evidentiary

hearing (Docket Entry No. 191) are **DENIED**.

It is so **ORDERED**.

**ENTERED** this the 5th day of November 2013.

*[signature]*
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court