IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES WALTON WRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 3:99-cv-00997 |
| ) | Judge Haynes |
| WAYNE CARPENTER, Warden, ) | |
| Riverbend Maximum Security Institution, ) | DEATH PENALTY CASE |
| ) | |
| Respondent. ) | |

*GRANTED. This motion is GRANTED as to Petitioner's claims for relief under Fed R Civ P 60(b) based upon Martinez and Trevino. Entered. WJH 3-6-14*

**PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY**

Petitioner Charles Wright, by and through counsel, pursuant to 28 U.S.C. § 2253 and respectfully requests a certificate of appealability in his appeal of this Court's order denying his motion for relief under Rule 60(b), D.E. 194, and order denying Wright's Fed. R. Civ. P. 59(e) motion to alter or amend its judgment, D.E. #198.[1]  Because the Court's rulings in each order are debatable among jurists of reason, a certificate of appealability should issue.

1.  Wright filed a motion for equitable relief from judgment under Fed.R.Civ.P. 60(b), requesting that the Court reopen proceedings on previously-defaulted ineffective-assistance-of-counsel claims, as provided by the Supreme Court's intervening decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). D.E. 191. The State responded. D.E. 192. Wright replied. D.E. 193.  The Court denied the motion. D.E. 194. Wright filed a motion to alter or amend judgment, D.E. 195, which was denied

---

[1] Wright does not concede that a certificate of appealability is required to proceed on appeal. As this is an open question, Wright files this application out of an abundance of caution.

1